[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14892
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-10002-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN A. BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Shawn Bailey appeals his convictions and 240-month total sentence for

distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); possession with

intent to distribute cocaine, in violation of § 841(a)(1); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Bailey raises three issues on appeal. First, he argues that the district court erred when it denied his motion to suppress the evidence seized from his apartment for lack of probable cause because the search warrant affidavit contained misstatements that were made intentionally or with reckless disregard, and the affidavit's remaining content did not support a finding of probable cause. Second, Bailey argues that the district court erred in determining that his prior conviction for escape was a crime of violence, and he was therefore wrongly sentenced as a career offender. Finally, Bailey argues that his 240-month sentence was unreasonable because the district court did not give sufficient justification for the sentence, and the sentence was greater than necessary to comply with the goals of sentencing.

## I.

"Review of a district court's denial of a motion to suppress is a mixed question of law and fact." *United States v. Delancy*, 502 F.3d 1297, 1304 (11th Cir. 2007). We review the district court's factual findings for clear error and its interpretation and application of the law *de novo. Id*. We construe all facts in the light most favorable to the prevailing party in the district court. *Id.*

For a search warrant to be valid, it must be supported by probable cause. U.S. CONST., amend. IV. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). Accordingly, the search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotations omitted). More specifically, the affidavit should establish "a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id.*

Search warrant affidavits are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). A search warrant must be voided and the fruits of the search excluded, however, if the search warrant affidavit contained a false statement made knowingly and intentionally or with reckless disregard for the truth, and the affidavit's remaining content does not establish probable cause. *Id.* at 155-56, 98 S.Ct. at 2676. Nevertheless, a warrant is valid "when material that is the subject of the alleged falsity or reckless disregard is set to one side, [and] there remains sufficient content in the warrant affidavit to

3

support a finding of probable cause." *Id.* at 171-72, 98 S.Ct. at 2684. Thus, a defendant must show (1) "that the alleged misrepresentations or omissions were knowingly or recklessly made" and (2) "that the result of excluding the alleged misrepresentations and including the alleged omissions would have been a lack of probable cause for issuance of the warrants." *United States v. Novaton*, 271 F.3d 968, 986-87 (11th Cir. 2001).

The district court did not err in denying Bailey's motion to suppress. Even if the contested statements in the search warrant affidavit are incorrect, Bailey has failed to provide proof that those misstatements were made intentionally or with reckless disregard. Absent this proof, Bailey has not shown that the search warrant lacked probable cause. Therefore, the district court was correct in denying Bailey's motion.

## II.

We review *de novo* "whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009). Cases addressing violent felonies under the Armed Career Criminal Act (ACCA) are instructive in determining crimes of violence under U.S.S.G. § 4B1.2, because the definitions for both terms are virtually identical. *Id.* at 1285.

To determine if a prior conviction is a qualifying offense for sentencing enhancement purposes, we generally apply a categorical approach, looking no further than the statute and judgment of conviction. *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). However, when the law under which a defendant has been convicted contains different statutory phrases, then the judgment is ambiguous, and we apply a modified categorical approach. *Id*. "Under this approach, a court may determine which statutory phrase was the basis for the conviction by consulting a narrow universe of '*Shepard* documents' that includes any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Id.* at 1337.

Subsequent to the submission of the parties' briefs, we issued a decision directly dealing with Bailey's career offender issue. In *United States v. Proch*, 637 F.3d 1262 (11th Cir. 2011), we dealt with whether an escape conviction under FLA. STAT. § 944.40, the same statute that Bailey was convicted under, qualified as a predicate offense for armed career criminal classification. We first looked at the charging document, which stated that the defendant "escaped while in lawful custody of the county jail or while being transported to or from there." *Proch*, 637 F.3d at 1266. We concluded that this information indicated that the defendant had

5

been apprehended and was either at the jail or being transported to it when he attempted to escape. *Id*.

We then looked to whether the escape conviction constituted a violent felony in order for it to be a qualifying offense. *Id*. We looked to the Florida statute, which states: "Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, . . . working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree . . . ." FLA. STAT. § 944.40. We determined that there were several separate crimes enumerated in § 944.40, including: "(1) escape from jail; (2) escape from custody while being transported to or from jail; (3) escape from a road camp; (4) escape from custody while working upon the public roads; etc." *Proch*, 637 F.3d at 1267. We then concluded that the charging document made it clear that the predicate crime was either escape from jail or escape from custody while being transported to or from jail. *Id.* at 1267-68. After looking at prior decisions from this Circuit and other circuits, we held that, under the Florida statute, escape from jail, or from custody while being transported to or from jail, is a violent felony under the ACCA. *Id.* at 1268-69.

Based on the charging document, Bailey's conviction falls under one of the two categories of the Florida statute dealt with in *Proch*. Because we have already held that an escape conviction under one of those two categories is a crime of violence, we are bound to hold that Bailey's escape conviction is a crime of violence. Therefore, the district court did not err in sentencing him as a career offender.

## III.

"[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008). We review both the procedural and substantive reasonableness of a sentence for an abuse of discretion. *Id.* at 1273 n.25.

In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own

legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation and quotation omitted). However, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We must then determine whether the sentence is substantively reasonable in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from further criminal conduct by the defendant, and provide the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the

need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011) (quotation omitted).

"[T]here is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. "[W]hen the district court imposes a

sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id*. Also, the reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence. *See Gonzalez*, 550 F.3d at 1324.

Bailey's sentence was both procedurally and substantively reasonable. The district court's statement that it considered the statements of both parties, the presentence investigation report, the advisory guidelines, and the § 3553(a) factors provided sufficient explanation as to why it chose the sentence that it imposed, and was, therefore, procedurally reasonable. Additionally, because Bailey's sentence was within the guidelines range and well below the statutory maximum sentence, we expect it to be reasonable. Furthermore, Bailey's history and characteristic as a career offender, and the deterrence effect the sentence will have on future criminal conduct, show that the sentence was not greater than necessary, and therefore was substantively reasonable. Because Bailey's sentence was procedurally and substantively reasonable, the district court did not abuse its discretion in sentencing Bailey to 240 months' imprisonment.

**AFFIRMED.**[1]

---

[1] Bailey's request for oral argument is denied.

10